## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CIVIL ACTION NO. 4:05CV-176**

**DANNY R. COOK**                                                    **PLAINTIFF**

**V.**

**WILLIAM S. PAYNE**                                                **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Defendant, William S. Payne [DN 6], to dismiss the Complaint against him.  Fully briefed, this matter stands ripe for decision. For the following reasons, Defendant's motion is **DENIED**.

### I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief.  Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir.1996), cert. denied, 520 U.S. 1251 (1997).  A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations.  Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir. 1995), cert. denied, 516 U.S. 1158 (1996).  A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief.  Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994).

The standard of review requires that a plaintiff plead more than bare legal conclusions. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir.1996). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Gazette, 41 F.3d at 1064. "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Lillard, 76 F.3d at 726 (citation omitted). In deciding a motion to dismiss, the Court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken. Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir.1995).

## II. BACKGROUND

In this case, the Plaintiff, Danny R. Cook ("Cook"), brings suit against the Defendant, William S. Payne ("Payne"), for injuries arising out of an automobile accident between them on October 12, 2003. On that date, Cook, a Kentucky resident, was driving his car North on U.S. Highway 231 while Payne was driving his car South on the same highway. At the intersection of U.S. Highway 231 and U.S. Highway 60 in Daviess County, Kentucky, Cook alleges that Payne negligently operated his car in a manner so as to cause a collision with his car, thus causing him injury. In light of the accident, Cook alleges that he is entitled to compensation for (a) past, present, and future physical and mental pain and suffering; (b) past and future medical and hospital expenses incurred and to be incurred; (c) lost wages; and (d) permanent impairment of his power to earn money. To support his claim, Plaintiff also submitted an affidavit in which he stated that he was earning approximately $60,000 per year

prior to his injury.  Although Plaintiff returned to work in December of 2003, he claims that as of December 16, 2004 the injuries resulting from the accident forced him to accept disability benefits amounting to only sixty percent of his salary.  To date, Plaintiff claims that his hospital and medical expenses exceed $16,600.  Defendant has now filed this motion to dismiss the Complaint against him.

### III. DISCUSSION

In his motion, Defendant argues that, based on the facts alleged, "[i]t does not appear reasonably probable that the Plaintiff can exceed the jurisdiction limit necessary for diversity jurisdiction."  Plaintiff contends that he meets the amount in controversy requirement.

In an action between citizens of different states, the federal district courts shall have jurisdiction if the amount in controversy is greater than $75,000.  28 U.S.C. § 1332(a).  When a plaintiff does not seek a specified amount of damages, courts apply the legal certainty test to assess whether a plaintiff's complaint in a diversity case meets the amount in controversy requirement.  Kovacs v. Chesley, 406 F.3d 393, 395 (6th Cir. 2005).  The legal certainty test was established by the Supreme Court in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S 283 (1938) and states as follows:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

303 U.S. at 288-89.

Only in the unusual case where it is certain that a plaintiff cannot possibly recover the

jurisdictional amount will a court disregard the plaintiff's prayer for relief.  See e.g., Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co. Of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996) (plaintiff suffered no damages and thus there was a "legal certainty" that plaintiff could not recover the amount in controversy); Burns v. Anderson, 502 F.2d 970, 972 (5th Cir. 1974) (plaintiff who suffered a broken thumb with no lingering pain and only modest lost wages could not satisfy the amount in controversy).  Thus, if a plaintiff brings an action in federal court and a defendant seeks dismissal on amount in controversy grounds, the case will not be dismissed unless it appears that the plaintiff's assertion of the amount in controversy was made in bad faith.  Wood v. Stark Tri-County Bldg. Trades Council, 473 F.2d 272, 273 (6th Cir. 1973).[1]

Here, Plaintiff meets the amount in controversy requirement.  Defendant concedes as much when he argues that it only appears to be "reasonably probable" that Plaintiff cannot meet the amount in controversy.  Although Plaintiff states the definite amount of $16,600 in his Complaint, that amount only relates to hospital and medical expenses.  Plaintiff seeks additional recovery as well.  Plaintiff's response notes that he intends to seek recovery for economic loss, which may amount to several hundred thousand dollars.  Plaintiff's affidavit supports this claim.  There is no basis for the Court to conclude that it "appears to a legal

---

[1] "A different situation is presented in the case of a suit instituted in a state court and thence removed. There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end. For if such were the purpose suit would not have been instituted in the first instance in the state but in the federal court."  Gafford v. General Elec. Co., 997 F.2d 150, 157 (6th Cir. 1993).

certainty" that Plaintiff's claims are for less than $75,000.  Therefore, Defendant's Motion to Dismiss fails.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [DN 6] is **DENIED**.

cc: counsel of record
05cv-176Cook